IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERENA STUDIVANT, | : | CIVIL ACTION NO. 05-1570 |
| Plaintiff, | : | |
| v. | : | |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | : | |
| Defendant. | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                                June 1, 2006

       Presently before the Court are Plaintiff's Motion for Summary Judgment, Defendant's Motion for Summary Judgment, Plaintiff's Reply, and Plaintiff's Objections to the Report and Recommendation of United States Magistrate Judge Timothy R. Rice.  For the reasons set forth below, Plaintiff's objections are overruled, and the Magistrate Judge's Report and Recommendation is approved and adopted.

I. DISCUSSION

       After analyzing the reproduced record, the Administrative Law Judge's ("ALJ") opinion, the Magistrate Judge's Report and Recommendation, and Plaintiff's Objections, the Court finds that summary judgment is appropriately entered on behalf of Defendant.

       Even though the Court agrees with the Magistrate Judge's Report and Recommendation,  the Court will briefly address Plaintiff's objections.  Plaintiff argues that she became disabled on April 1, 1995.  According to Plaintiff, the ALJ's finding of a later onset date,

November 1, 2002, is not supported by substantial evidence because the ALJ improperly rejected the opinions of Plaintiff's treating physicians in favor of the opinion of a non-examining medical expert.

The ALJ relied on the opinion of Dr. Hillel Raclaw, a clinical psychologist and expert, in finding that Plaintiff is disabled and that the onset date of her disability was November 1, 2002. Dr. Raclaw stated that the "earliest piece of data" suggesting that Plaintiff had poor memory and poor concentration was from May 2003. (R. 362.) From that date, Dr. Raclaw, projected back six months, to November 1, 2002, to set the onset date of Plaintiff's disability. The Court finds that substantial evidence supports Dr. Raclaw's conclusion, and thereby the ALJ's conclusion, that Plaintiff became disabled on November 1, 2002. As such, the Court agrees with the Magistrate's Report and Recommendation regarding the onset date of Plaintiff's disability. An analysis of the relevant portions of Plaintiff's medical history follows.

As noted by the Magistrate Judge, Plaintiff supplied treatment records from treating psychologists, psychiatrists, and her primary care physician from 1996 until 1999 and also from May 2003 until July 2003. However, from August 1999 until May 2003, Plaintiff only submitted treatment records from her primary care physician. Plaintiff did not submit records from a mental health professional during this four year time span.

The Court will begin by reviewing the opinion of Dr. Reeves, Plaintiff's treating psychiatrist from May 2003 until July 2003. On June 11, 2003, Dr. Reeves diagnosed Plaintiff's condition as "major depression, recurrent, in partial remission with features of anxiety." (R. 243.) Dr. Reeves opined that Plaintiff was incapable of tolerating even low work stress and that she would likely be absent from work more than three times a month due to her impairments or

treatment.  Specifically, Dr. Reeves stated that one of Plaintiff's most frequent and/or severe clinical symptoms was "poor concentration."  (R. 245.)  Finally, Dr. Reeves opined that the earliest date that Plaintiff's symptoms and limitations applied was 1996.  (R. 250.)

The ALJ considered Dr. Reeves's analysis and credited his diagnosis from only November 1, 2002 onward, for the following reasons:

> 1) [T]here is a lack of objective clinical or laboratory findings to support the degree of limitations alleged; 2) he does not relate his opinion to any specific findings for the period prior to November 1, 2002; and, 3) his opinion is not supported by reports which indicate only routine outpatient care, with little or no continuing treatment or use of prescribed medication for the period prior November 1, 2002.

(R. 36.)  In addition, the ALJ pointed out that even though Dr. Reeves opined that Plaintiff's symptoms persisted since 1996, there is no evidence that Dr. Reeves was Plaintiff's treating psychiatrist in 1996.  The evidence in the record indicates that Dr. Reeves was Plaintiff's treating psychiatrist beginning in May 2003.

In response to the ALJ's finding, Plaintiff argues that there is evidence in the record that Plaintiff had poor memory and poor concentration prior to May 2003 that was not discussed by Dr. Raclaw or the ALJ.[1]  In support of this argument, Plaintiff cites portions of her medical records which indicate that she had problems with concentration and memory between 1997 and 1999.  However, as noted by the Magistrate Judge, Dr. Raclaw conducted a thorough analysis of the record and explained why the medical evidence from 1997-1999 does not conclusively demonstrate that Plaintiff was disabled at this time.  First, Dr. Raclaw, and the ALJ,

---

1. Plaintiff also briefly argues that it was improper for the ALJ to fail to credit Dr. Reeves's diagnosis because of a lack of objective clinical or laboratory findings.  The Court declines to address this tersely discussed argument as the ALJ set forth three other reasons for failing to credit Dr. Reeves's opinion in its entirety.

3

noted that the evidence during this time period was inconsistent. For example, Dr. Meehan and Dr. Stern indicated that Plaintiff had problems with memory and concentration (R. 142-45), while, during the same time period, Dr. Jones reported that Plaintiff's concentration was within normal limits and that her remote and recent memory was intact. (R. 138-39.) Second, the ALJ noted that the reports of Dr. Meehan and Dr. Stern were based on Plaintiff's subjective complaints and not personal observations.

In addition, all of the records cited by Plaintiff are dated between 1997 and 1999. Plaintiff does not cite *any* medical records demonstrating that she had poor memory or poor concentration between 1999 and November 1, 2002, the date that the ALJ determined that she became disabled. As discussed previously, the only records that Plaintiff submitted for this time frame are those of her primary care physician, Dr. Witt. Dr. Witt's observations from 1999-2003 do not indicate that Plaintiff was disabled. In April 2000, Dr. Witt noted that Plaintiff was seeking to find a new therapist but that her anxiety and depression were under "fair control." (R. 293.) In February 2001, Dr. Witt's treatment notes indicate that Plaintiff "admit[ted] to some episodes of anxiety" but that she was having "good results" with a therapist and working on many areas of her life. (R. 284.) Dr. Witt went on to state that Plaintiff's depression "persist[ed]" but was under "fair control." (R. 270-71.)

While the evidence regarding Plaintiff's condition was inconsistent from 1997-1999 and incomplete from 1999-2003, there is consistent evidence that Plaintiff was disabled beginning in May 2003, when she began treatment with Dr. Reeves. Dr. Raclaw extrapolated that Plaintiff's condition could be traced back six months to November 1, 2002. As the Magistrate Judge points out, this extrapolation was not unreasonable given the lack of medical evidence from

August 1999 until May 2003.  Therefore, the Court agrees with the Magistrate Judge's Report and Recommendation with respect to crediting Dr. Reeves's opinions as to Plaintiff's condition beginning on, but not before, November 1, 2002.

## II.  CONCLUSION

For the reasons stated above, the Court approves and adopts the Magistrate Judge's Report and Recommendation.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERENA STUDIVANT, | : | CIVIL ACTION NO. 05-1570 |
| Plaintiff, | : | |
| v. | : | |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this 1st day of June 2006, upon consideration of Plaintiff's Motion for Summary Judgment (Docket No. 8), Defendant's Motion for Summary Judgment (Docket No. 12), Plaintiff's Reply (Docket No. 13), the Report and Recommendation of the Chief United States Magistrate Judge Timothy R. Rice (Docket No. 15), and Plaintiff's Objections thereto (Docket No. 16), it is hereby **ORDERED** that the Report and Recommendation is **APPROVED** and **ADOPTED**. Judgment is entered on behalf of Defendant and against Plaintiff. This case is now **CLOSED**.

BY THE COURT:

*s/ Ronald L. Buckwalter, S. J.*
RONALD L. BUCKWALTER, S.J.